# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# DENVER DIVISION

| | |
|---|---|
| **MARTIN BURCIAGA AND TASHAE RODARTE** | **CIVIL ACTION NO: 1:23-cv-2725** |
| **VERSUS** | **JUDGE:** |
| **GENERAL MOTORS, LLC** | **MAG. JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiffs, **MARTIN BURCIAGA** and **TASHAE RODARTE** (hereinafter "Burciaga" and/or "PLAINTIFFS"), persons of the age of majority who reside in Adams County and are citizens of the State of Colorado, who allege the following against **GENERAL MOTORS, LLC** (hereinafter "GM" and/or "DEFENDANT"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter *15 U.S.C.A § 2301*, *et. seq.*, breach of implied warranty of merchantability pursuant to the *Magnuson-Moss Warranty Act* and *Colo. Rev. Stat. Ann. § 4-2-318*.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to the *Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B)*, in that the Plaintiffs claim more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in *28 U.S.C. § 1367*.

3. This Court has personal jurisdiction over Defendant who conducts business in the State of Colorado, including the District of Colorado.

4. Venue is proper in this district under *28 U.S.C. §1391* because the Defendant resides in the State of Colorado at 4355 Kearney Street, Denver, Colorado.

**PARTIES**

5. Plaintiffs are adult individuals residing in Thornton, Colorado.

6. Defendant General Motors, LLC (hereinafter "GM" and/or Defendant) is a foreign corporation qualified to do and regularly conducting business in the State of Colorado, with a registered principal place of business located in Detroit, Michigan.

7. GM is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the Plaintiffs purchased the Vehicle and tendered the Vehicle for repairs.

**FACTUAL ALLEGATIONS**

8. On or about March 30, 2022, Plaintiffs purchased a 2022 GMC Sierra from Alpine Buick GMC, Littleton/Denver located at 3106 W County Line Rd, Littleton, CO 80129 bearing the Vehicle Identification Number 1GT49PEY9NF155004 (hereinafter the "Vehicle").

9. At all times relevant hereto, the subject vehicle was registered in the State of Colorado.

10. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $84,632.89.

2

11.     In consideration for the purchase of said vehicle, Defendant issued to the Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

12.     The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiffs.

13.     The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

14.     The subject is afflicted with certain defects, conditions and non-conformities related to the Vehicle's engine and electrical system. In connection with those substantial non-conformities, Plaintiffs presented the vehicle for repair.

15.     Plaintiffs delivered the Vehicle to Defendant's authorized service and repair facility, O'Meara GMC ("Service Facility") located at 2000 West 104th Ave., Thornton, CO 80234, to remedy these concerns from June 27, 2022 through July 25, 2023, which are covered by the warranty issued by Defendant, on  occasions and as a result of these defects/non-conformities, the Vehicle was out of service for an excessive number of  days.

16.     Upon information and belief therein, the aforementioned defects identified herein, existed at the time the Vehicle left the Defendant's control and are defects with materials and/or workmanship.

17.     Plaintiffs no longer feel safe driving the subject vehicle and has lost confidence in

it by virtue of Defendant's failure to conduct repairs within a reasonable period of time, as promised. As a result of the ineffective repair attempts made by Defendant through its authorized agents, the vehicle's use, value and safety have been substantially impaired and Plaintiffs are unable to utilize the vehicle for its intended purposes.

## CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiffs are "consumers" as defined in *15 U.S.C. § 2301(3)*.

20. Defendant is a "supplier" and "warrantor" as defined in *15 U.S.C. § 2301(4)-(5)*.

21. The subject vehicle is a "consumer product" as defined in *15 U.S.C. § 2301 (6)*.

22. *15 U.S.C. § 2301(d)(1)* provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

23. *15 U.S.C. § 2304(a)(1)* requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiffs.

24. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs.

25. Defendant has failed to remedy the Vehicle's defects identified herein within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the Vehicle.

26. As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiffs have been and continue to suffer damages and is left with a vehicle that cannot meet his reasonable needs as marketed to him by Defendant.

27. As a result of Defendant's actions, Plaintiffs have been required to retain legal counsel to recover his damages as Defendant refused and continues to refuse to do so voluntarily.

28. The Magnuson-Moss Warranty Act, *15 U.S.C. §2310(d)(2)* provides:

   a. *If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.*

29. Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the express warranties, implied warranties and contracts.

30. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and contracts, Plaintiffs have suffered damages and, in accordance with *15 U.S.C. §2310(d)(1)*, Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

5

31. Plaintiffs aver that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and costs are recoverable and are demanded against Defendant. Plaintiffs respectfully demand judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Colo. Rev. Stat. Ann. § 4-2-318.**

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant is a merchant with respect to motor vehicles.

34. The Vehicle was subject to implied warranties of merchantability, as defined in *15 U.S.C. § 2308 and Col. Rev. §4-2-314* running from the Defendant to the Plaintiff.

35. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

36. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiffs purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

37. Indeed, the Vehicle suffered from manufacturing defects as described herein that prevented Plaintiffs from being able to properly use the Vehicle.

38. The persistent defects identified herein are unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them to serious risk of accidents and injury or death.

39. Plaintiffs notified Defendant of the defects in the Vehicle within a reasonable time after Plaintiffs discovered them.

40. As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiffs have suffered damages, including, but not limited to incidental and consequential damages, plus attorney fees and cost to recover same.

## DAMAGES

41. Plaintiffs seek all damages allowed by law, including attorney fees and costs pursuant to *15 U.S.C.A. § 2310, Co. Rev. Statutes § 42-10-103, § 4-2-608, § 4-2-714 and § 4-2-715.*

## PRAYER FOR RELIEF

**WHEREFORE**, MARTIN BURCIAGA and TASHAE RODARTE, respectfully pray for judgment as follows:

a. An order approving revocation of acceptance and/or return of purchase price of the subject vehicle to include the "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

b. Reasonable attorney's fees and costs and the determination of which damages, if

  allowed by law shall be trebled, in the event that Plaintiff prevail at a trial on the merits;

c. As an alternative, if the merits justify same, an award for the difference between the value of the goods as warrantied and the value of the goods as accepted and/or a reduction of purchase price:

d. Incidental and consequential damages allowed by law; and

e. Any other relief this Honorable Court deems appropriate.

        **RESPECTFULLY SUBMITTED:**

        **DUCK LAW FIRM, L.L.C.**

        <u>/s/ Kevin R. Duck</u>
        **KEVIN R. DUCK (LA23043)**
        5040 Ambassador Caffery Parkway
        Suite 200
        Lafayette, Louisiana 70508
        Telephone: (337) 406-1144
        Facsimile: (337) 406-1050
        Email: krd@ducklawfirm.com

        **Attorney-in-Charge for Plaintiffs,**
        **MARTIN BURCIAGA AND**
        **TASHAE RODARTE**